UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**FREDKIEY HURLEY**, individually,

                        **Plaintiff,**

v.

**REHANDARI LLC d/b/a KOBRICK COFFEE CO.**, a New York for profit corporation **and DAVID ELLIS REAL ESTATE, L.P.** a Delaware limited partnership,

                        **Defendants.**

_____

Case No. _____

# COMPLAINT
(Injunctive and Other Relief Sought)

Plaintiff, FREDKIEY HURLEY, individually, by and through the undersigned counsel, and in accordance with the Federal Rules of Civil Procedure and all other applicable rules, statutes, regulations, and governing legal authorities, hereby files the instant Complaint against Defendant REHANDARI LLC d/b/a KOBRICK COFFEE CO. and DAVID ELLIS REAL ESTATE, L.P. for violations of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*.

## Jurisdictional Allegations

1. This is an action for injunctive relief for violations of the Americans with Disabilities Act (hereinafter "ADA") entitling Plaintiff to attorneys' fees,

1

litigation expenses and costs expended in pursuing this action in accordance with 28 U.S.C. § 12181 *et seq.*

2. Defendant DAVID ELLIS REAL ESTATE, L.P. is the property owner of the premises located at 24 9th Avenue, New York 10014 (hereinafter "Defendant-Landlord" and "Property," respectively).

3. Defendant REHANDARI LLC d/b/a KOBRICK COFFEE CO. is a tenant at Defendant DAVID ELLIS REAL ESTATE, L.P.'s premises, and the operator of a bar and dining establishment (hereinafter "KOBRICK COFFEE CO."), which establishment is defined as a "place of public accommodation." *See* 28 CFR 36.201(a).

4. Plaintiff FREDKIEY HURLEY (hereinafter "HURLEY" or "Plaintiff HURLEY") is a twenty-eight (28) year old young man living in Manhattan, New York, is sui juris, and qualifies as an individual with a disability as defined by the ADA.

5. Plaintiff HURLEY suffers from a relatively rare genetic developmental congenital disorder that he contracted at birth – spina bifida cystica with myelomeningocele. Plaintiff HURLEY's case of spina bifida cystica falls into the subcategory of myeloschisis spina bifida, which causes severe and debilitating paralysis. Unfortunately, Plaintiff HURLEY is permanently

disabled and confined to a wheelchair as there is no known, affordable cure available to him.

6. This Court has original jurisdiction over claims arising under Title III of the Americans with Disabilities Act (*see* 42 U.S.C. § 12181 *et seq.*; 28 U.S.C. §§ 2201-2202) pursuant to 28 U.S.C. §§ 1331 and 1343.

7. Venue properly lies in the Southern District of New York as it is the federal judicial district where the property is located on which the violative establishment is conducting business.

## ADA: Lack of Reasonable Accommodations at KOBRICK COFFEE CO.

8. The ADA prohibits discrimination on the basis of disability by guaranteeing reasonable accommodations are provided for individuals with disabilities. As the owner of the premises and as the operator of a "place of public accommodation," Defendant KOBRICK COFFEE CO. and DAVID ELLIS REAL ESTATE, L.P. are jointly responsible for ensuring compliance with the ADA and the ADA/ABA Accessibility Guidelines for Buildings and Facilities (36 CFR Part 1191, Appendices B and C) along with 28 CFR Part 36, Subpart D, the New Construction and Alterations portion of Title III (hereinafter referred to collectively as the "Accessibility Standards").

9. Plaintiff HURLEY commutes principally using the MTA/New York City Transit Bus System although he travels to many places locally using only his

wheelchair. However, Plaintiff HURLEY receives assistance from his family all of whom able able-bodied individuals and who reside in various regions throughout the five boroughs of New York, including his siblings in upper Manhattan and his grandmother in Brooklyn. Plaintiff HURLEY he is the only member of his immediate family to have contracted spina bifida.

10. Defendants have and are continuing to discriminate against Plaintiff and other similarly situated disabled individuals by failing to provide accessible facilities in violation of the ADA.

11. More specifically, Plaintiff is being deprived of the meaningful choice of freely visiting the same accommodations readily available to the general public and Plaintiff is further deterred and discouraged from additional travel due to Defendants ongoing non-compliance with the ADA.

12. A preliminary inspection of DAVID ELLIS REAL ESTATE, L.P. discloses that the following barriers to access exist thus effectively discriminating against Plaintiff as a disabled individual:

   a. inaccessible entrance as step at entrance acts as a barrier to accessibility without required ramp;

   b. required minimum clear width not provided at opening of either leaf of double leaf entrance door;

4

c. required minimum maneuvering clearance not provided at entrance door;

d. inaccessible dining tables as required minimum knee and toe clearance not provided at dining tables;

e. percentage of existing dining tables required to be accessible not provided;

f. inaccessible dining counter as height of wall mounted dining counter exceeds maximum height allowance;

g. required minimum knee and toe clearance not provided at dining counter;

h. portion of dining counter required to be accessible not provided;

i. inaccessible bar as height of bar exceeds maximum height allowance;

j. required minimum knee and toe clearance not provided at bar;

k. portion of bar required to be accessible not provided;

l. compliant signage identifying the restroom not provided as required;

m. inaccessible restroom as required minimum clear width not provided at restroom door opening;

n. required minimum maneuvering clearance not provided at restroom door;

o.  inaccessible door lock at restroom door as height of restroom door lock exceeds maximum height allowance;

p.  required minimum turning space not provided in restroom;

q.  inaccessible light switch in restroom as height of light switch in restroom exceeds maximum height allowance;

r.  inaccessible lavatory in restroom as required minimum clear floor space not provided at lavatory;

s.  non-compliant faucet knobs at lavatory require twisting of the wrist;

t.  insulation of pipes under lavatory not provided as required;

u.  inaccessible paper towel dispenser as mounted height of paper towel dispenser exceeds maximum height allowance;

v.  inaccessible mirror located above lavatory as height of mirror exceeds maximum height allowance;

w.  inaccessible water closet in restroom as required minimum clear floor space not provided at water closet;

x.  required grab bars not provided at rear and side walls of water closet;

y.  non-compliant distance of water closet from side wall;

z.  inaccessible coat hook in restroom as height of wall mounted coat hook exceeds maximum height allowance;

aa.  failure to maintain accessible features and failing to adhere to policies, practices and procedures to ensure that the goods and services being offered, as well as the facilities themselves, are accessible to people with disabilities;

13. The above-listed discriminatory violations are not an exhaustive list of all ADA violations on the property. Plaintiff requires an inspection of Defendants' place of public accommodation in order to identify, photograph and measure all of the barriers to access that constitute discriminatory acts in violation of the ADA.

14. Notice to Defendants prior to initiating suit is not mandated by the ADA. All other conditions precedent to filing suit are satisfied or are waived by Defendants. Defendants' violations of the ADA have been ongoing despite the ADA mandating compliance for all places of public accommodation.

**<u>Injunctive Relief Is Necessary to Prevent Future Discrimination</u>**

15. Plaintiff frequently visits the area where Defendant-Landlord's property and Defendant-Operator's business are located. Plaintiff visited KOBRICK COFFEE CO. and has suffered discrimination on the basis of his disability.

16. Plaintiff plans on returning to KOBRICK COFFEE CO. to avail himself of the good and services offered to the public thereon, and to determine whether the property has been made ADA compliant.

17. The present violations at Defendants' facility create a hazard to Plaintiff's safety. The violations also infringe upon Plaintiff's right to travel free of discrimination causing Plaintiff harm in the form of suffering frustration, shame and humiliation as a result of Defendants' discriminatory practices or non-compliant facilities.

18. As the violations at Defendants' facility are ongoing, it would be a futile gesture for Plaintiff to return to the property so long as the above listed violations exist. Plaintiff returning to the property prior to all above violations being remedied will only further subject Plaintiff to discrimination and threaten Plaintiff's physical safety and well-being.

### **COUNT I: INJUNCTIVE RELIEF (AGAINST KOBRICK COFFEE CO.)**

19. Plaintiff reasserts and incorporates the allegations set forth in paragraphs 1 through 18 above as if set forth specifically herein.

20. Defendant KOBRICK COFFEE CO. operates a place of public accommodation with discriminatory conditions in violation of Plaintiff's rights pursuant to the ADA.

21. Plaintiff, and all other individuals similarly situated, have been denied access to and have been denied the benefits of services, programs and activities at the Defendant's establishment and facilities as a result of the

ADA violations set forth herein in paragraph 12 in violation of 42 USC § 12181 *et seq.* and 28 CFR 36.302 *et seq.*.

22. Defendant continues to discriminate against Plaintiff and those similarly situated by failing to make reasonable modifications in policies, practices and/or procedures when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages and/or accommodations to individuals with disabilities; and by failing to take such steps or efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

23. Plaintiff is suffering true and actual harm by Defendant DAVID ELLIS REAL ESTATE, L.P. permitting KOBRICK COFFEE CO. to operate a place of public accommodation. Defendant's discriminatory practices create the potential for and/or cause Plaintiff physical harm and the contribute to Plaintiff's sense of isolation and segregation thereby depriving Plaintiff of the full, fair and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public.

24. Plaintiff, and all others similarly situated, have and will continue to suffer irreparable injury and damage without the immediate relief provided by the

ADA and requested herein. Plaintiff is without any adequate remedy and law.

25. The undersigned has been retained by Plaintiff to pursue Plaintiff's rights as an individual suffering with a "disability" as defined by the ADA and Plaintiff is entitled to recover fair and reasonable attorneys' fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

26. This tribunal is vested with authority to grant Plaintiff Injunctive Relief pursuant to 42 USC § 12188 for Defendant's ADA violations, including but not limited to issuing an order requiring Defendant to alter the subject property so as to make the facilities readily accessible and usable by Plaintiff and other persons with disabilities as defined by the ADA or by closing the facility until such time as Defendants cure all ADA violations impeding disabled individuals from exercising their equal rights in accordance with the ADA.

**WHEREFORE**, Plaintiff prays for and respectfully requests the Court order the following relief:

    a. Injunctive relief against Defendant, including: an order to make all readily achievable alterations to the facility or to make the facility readily accessible to and usable by individuals with

      disabilities to the extent mandated by the ADA; to require Defendant to make reasonable modifications in policies, practices and/or procedures when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, and; by failing to cure their ADA violations Defendant is failing to take the steps necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services;

  b.    award reasonable attorneys' fees, costs and litigation expenses in accordance with 42 USC § 12205;

  c.    any other relief this Court deems just and proper and/or is otherwise allowable under Title II of the ADA.

### COUNT II: INJUNCTIVE RELIEF (AGAINST DAVID ELLIS REAL ESTATE, L.P.)

27. Plaintiff reasserts and incorporates the allegations set forth in paragraphs 1 through 12 above as if set forth specifically herein.

28. Defendant DAVID ELLIS REAL ESTATE, L.P. owns commercial real property on which it is permitting Defendant KOBRICK COFFEE CO. to

11

operate a place of public accommodation with discriminatory conditions in violation of Plaintiff's rights pursuant to the ADA.

29. Plaintiff, and all other individuals similarly situated, have been denied access to and have been denied the benefits of services, programs and activities at the Defendant's building, property, and facilities as a result of the ADA violations set forth herein in paragraph 12 in violation of 42 USC § 12181 *et seq.* and 28 CFR 36.302 *et seq.*

30. Defendant continues to discriminate against Plaintiff and those similarly situated by failing to make reasonable modifications in the physical structure so as to permit compliance with Title III of the ADA.

31. Structural modifications are necessary to eliminate architectural barriers set forth herein, which are necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

32. Permitting a place of public accommodation to operate in violation of the ADA is causing Plaintiff to suffer true and actual harm. The architectural barriers create the potential for and/or cause Plaintiff physical harm and the contribute to Plaintiff's sense of isolation and segregation thereby depriving

   Plaintiff of the full, fair and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public.

33. Plaintiff, and all others similarly situated, have and will continue to suffer irreparable injury and damage without the immediate relief provided by the ADA and requested herein. Plaintiff is without any adequate remedy and law.

34. The undersigned has been retained by Plaintiff to pursue Plaintiff's rights as an individual suffering with a "disability" as defined by the ADA and Plaintiff is entitled to recover fair and reasonable attorneys' fees, costs and litigation expenses from Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

35. This tribunal is vested with authority to grant Plaintiff Injunctive Relief pursuant to 42 USC § 12188 for Defendants' ADA violations, including but not limited to issuing an order requiring Defendant to alter the subject property so as to make the facilities readily accessible and usable by Plaintiff and other persons with disabilities as defined by the ADA or by closing the facility until such time as Defendant cures all ADA violations impeding disabled individuals from exercising their equal rights in accordance with the ADA.

**WHEREFORE**, Plaintiff prays for and respectfully requests the Court order the following relief:

    a.    Injunctive relief against Defendant, including: an order to make all readily achievable alterations to the facility or to make the facility readily accessible to and usable by individuals with disabilities to the extent mandated by the ADA; by failing to cure the ADA violations Defendant is failing to take the steps necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services;

    b.    award reasonable attorneys' fees, costs and litigation expenses in accordance with 42 USC § 12205;

    c.    any other relief this Court deems just and proper and/or is otherwise allowable under Title II of the ADA.

### COUNT III: DECLARATORY JUDGMENT AS TO VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

36.    Title III of the Americans with Disabilities Act mandates that all places of public accommodation must provide any person with a disability equal access to the goods and services being offered to non-disabled individuals.

37. At the time Plaintiff HURLEY visited Defendant DAVID ELLIS REAL ESTATE, L.P.'s premises, being operated by Defendant KOBRICK COFFEE CO., Plaintiff could not reasonably access the goods and services otherwise available to able bodied individuals due to architectural barriers and other ADA violations (*see* 42 USC § 12181 *et seq.* and 28 CFR 36.302 *et seq.*) set forth herein in paragraph 12.

38. The undersigned has been retained by Plaintiff to pursue Plaintiff's rights as an individual suffering with a "disability" as defined by the ADA. Plaintiff is entitled to recover fair and reasonable attorneys' fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

39. At the time Plaintiff visited Defendants' property Defendants were in violation of Title III of the ADA and had denied Plaintiff reasonable access to the good and/or services being offered on their premises causing Plaintiff to retain the undersigned law firm.

40. As a result of Defendants continuously violating of Title III of the ADA Plaintiff HURLEY has and is suffering actual harm in the form of personal injury, and humiliation including a sense of isolation and segregation, all of which are depriving Plaintiff of the full, fair and equal enjoyment of the

goods, services, facilities, privileges and/or accommodations available to the general public.

41. A declaration that Defendant(s) were in violation of the ADA at the time Plaintiff suffered real and actual harm is necessary to ensure Plaintiff is compensated for the attorneys' fees expended to obtain Defendants(s) compliance with the law.

**WHEREFORE**, Plaintiff prays for and respectfully requests a Court order declaring that Defendants, at the time Plaintiff visited Defendants' property, were in violation of Title III of the ADA, 42 USC § 12181 *et seq.;* and, that as a result of architectural barriers, Plaintiff has been denied access to the goods and/or services offered on the subject property thereby discriminating against Plaintiff as an individual with a disability.

Respectfully submitted on November 29, 2016.

**By: /s/ Tara Demetriades**
Tara Demetriades, Esq.
New York Bar No. 4185666

**ADA Accessibility Associates**
1076 Wolver Hollow Road
Oyster Bay, New York 11771
E: TDemetriades@Aol.com
T: (516) 595-5009